UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANGY WALKER, <br>    Plaintiff <br><br> v. <br><br> STEVEN COWAN, *et al.*, <br>    Defendants | No. 24 CV 2354 <br><br> Judge Jeremy C. Daniel |

### ORDER

The defendants' Motion to Dismiss [21] is GRANTED. The plaintiff is GRANTED leave to amend her complaint, and shall file any such amended complaint on or before February 3, 2025. The January 14, 2025, status hearing is stricken.

### STATEMENT

*Pro se* plaintiff Tangy Walker brings this action under 28 U.S.C. § 1983 against defendants Up Academy of Hair Design, its owner Steven Cowan, and its employees Danielle Woods and Rebecca Balha. (R. 1.)[1] According to the plaintiff, while enrolled at Up Academy as a cosmetology student, she was expelled because she complained about "racism, discrimination, and harassment" following a verbal altercation with another student. (*Id.* at 4.) The plaintiff alleges three incidents involving other students of Up Academy who were not expelled following altercations with fellow students or staff, but were not expelled or were allowed to transfer to another location. (*Id.* at 4–6.) One of these incidents involved another student allegedly groping the plaintiff. (*Id.*) The plaintiff also alleges two incidents of Up Academy employees discriminating based on race. She alleges that when a guest speaker made derogatory statements about black women, Defendant Balha dismissed the remarks as unoffensive. (*Id.* at 6.) The plaintiff also asserts that she and her sister tried to join the school's "Community Events Club" but Defendant Woods first required them to obtain Cowan's approval, which is normally not a requirement. (*Id.* at 7.) The plaintiff seeks reinstatement, reimbursement for her tuition, an order halting the conduct she details in her complaint, and a written apology. (*Id.* at 9.)

Defendants move to dismiss the complaint because it fails to allege either state action or that the defendants acted under color of state law. (R. 22 at 1.) To avoid dismissal, a complaint must "'state a claim to relief that is plausible on its face.'" *O'Brien v. Vill.*

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

*of Lincolnshire*, 955 F.3d 616, 621–22 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the complaint. See *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Nevertheless, "[t]his does not mean that [the Court] will fill in all of the blanks in a *pro se* complaint." *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). The Court is also under no obligation to ignore allegations that undermine the complaint. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

To state a claim under Section 1983, the plaintiff must plead that (1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person or persons acting under color of state law. *McKinney v. Duplain*, 463 F.3d 679, 683 (7th Cir. 2006). The plaintiff, in her opposition to the defendant's motion to dismiss, argues that "[s]tate law or public educational institutions, when acting through their officials, are considered state actors." (R. 28 at 1.) This is an accurate statement of the law, but is not relevant to the facts alleged here. There is no allegation in the plaintiff's complaint supporting an inference that Up Academy is a government entity. Instead, it appears to be a private cosmetology school—the plaintiff identifies Steve Cowan as the "owner." (R. 1 at 2.) A private school and its employees are state actors only when the actions in question "can fairly be seen as state action." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Since *Rendell*, courts have enumerated many different factors to consider when analyzing whether a private action can be seen as state action, which the Seventh Circuit categorizes into four tests. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823–24 (7th Cir. 2009) (identifying the symbiotic relationship test, the state command and encouragement test, the joint participation doctrine, and the public function test). Even reading her complaint and opposition[2] brief liberally, there are no facts alleged about the structure or function of Up Academy to which the Court could apply these tests, and therefore the Court cannot draw an inference that Up Academy or its employees are state actors. And, in light of *Rendell*'s holding that even a private high school receiving ninety percent of its funding from the government did not qualify as a state actor, 457 U.S. 483, the Court struggles to see how a private cosmetology school, which is not alleged to receive any money from the government, could qualify. Accordingly, Defendants' motion to dismiss will be granted.

However, the Court will allow the plaintiff an opportunity to amend her complaint. There is a "presumption in favor of giving plaintiffs at least one opportunity to amend" a complaint before closing a case. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015). There may well be facts omitted from the complaint which enable the plaintiff to bring a Section 1983 claim, or her claims

---

[2] "[A] plaintiff is "free to elaborate on his factual allegations" in opposing a motion to dismiss "so long as the new elaborations are consistent with the pleadings." *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 n.2 (7th Cir. 2021) (quotation marks omitted).

may be viable if brought under a different statute or cause of action. The plaintiff shall have until February 3, 2025, to file an amended complaint.

Date: January 13, 2025

                                                    JEREMY C. DANIEL
                                                    United States District Judge